UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT L. PATTERSON,

                Plaintiff,                              Case No. 1:12-cv-1062

v.                                                     Honorable Robert J. Jonker

UNKNOWN MCKENNA et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay an initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## **Factual Allegations**

Plaintiff Robert Leonard Patterson is a prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF). He sues the following individuals: Health Unit Manager (HUM) (unknown) McKenna, Dr. (unknown) Holmes, Physician's Assistant (unknown) Filsinger, and Nurse (unknown) Moore.

In an affidavit attached to the complaint, prisoner Charles Hawkins asserts that on March 3, 2012, he noticed that Plaintiff had lost "a lot of weight" and that "something [was] not right with him." (Hawkins Aff., docket #1-1, Page ID#9.) Hawkins spoke with Plaintiff's roommate, inmate Harper, who said that Plaintiff felt like he was dying. Harper indicated that the corrections officers were aware of Plaintiff's condition, but they told Plaintiff to wait rather than take him to the medical unit. Hawkins confronted the officers regarding Plaintiff's condition, telling them that he was "changing color," so they took Plaintiff to the medical unit. (*Id.*)

Plaintiff alleges that a blood test taken on April 4, 2012 showed that his hemoglobin and blood sugar levels were abnormally high.[1] On May 29, 2012, he submitted a health care request complaining about loss of weight, "feeling drained sometimes," blood in his urine on one occasion, itchiness, and dry mouth for two weeks. (Plf.'s Aff., docket #1-1, Page ID#8.) He received a response indicating that he would be assessed by nursing staff on June 7, 2012.[2]

Apparently, Plaintiff saw a nurse on June 3, 2012, because he was feeling weak. The next day, he was again seen by medical staff because he was "feeling worse." (Compl., docket #1,

---

[1]The results of that blood test are attached to the complaint. (*See* docket #1-1, Page ID#11.) They show a "fasting blood sugar" level of "192 MG/DL," which is above the "reference range" of 70-105. (*Id.*)

[2]The response is attached to the complaint. (*See* docket #1-1, Page ID#10.) It is signed by an "RN" but the signer's name is not legible. (*See id.*)

Page ID#4.) A nurse checked Plaintiff's blood sugar level and discovered that it was "over five hundred." (*Id.*) Plaintiff was then taken to a hospital. At the hospital, Plaintiff learned that he has diabetes. Several doctors told him that he could have died within two days without proper treatment.

On June 9, while Plaintiff was at the prison health clinic receiving an insulin shot, he heard nurse Black (who is not a Defendant in this action) tell a nearby officer that Plaintiff "was diagnosed back in March being a diabetic and somehow the appointment that was to be made was misplace[d] or something." (*Id.* at Page ID#5.)

Plaintiff asserts that he "had been telling them how [he] was feeling during prior visits about having shakes and [his] vision [being] impaired sometimes as well as having multiple bathroom visits every ten minutes," thereby implying that "they" did not adequately diagnose or treat his condition. (*Id.* at Page ID#4.) Plaintiff's eyesight is now impaired and he must continue to treat his diabetes with insulin shots and pills. He contends that his present condition could have been avoided if he had been properly treated soon after he was "diagnosed as a diabetic" in April 2012. (*Id.*)

Plaintiff claims that Defendants were deliberately indifferent to his medical needs, in violation of the Eighth Amendment. He also claims that Defendants deprived him of due process, in violation of the Fifth and Fourteenth Amendments. As relief, Plaintiff seeks damages and an order requiring Defendants to give him a "snack." (*Id.* at Page ID#6.)

**Discussion**

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Insufficient Allegations

None of Defendants are named in the body of the complaint, and it is not at all clear how any particular Defendant was involved in the conduct alleged therein. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where, as here, a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Plaintiff's allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### B. Eighth Amendment

The absence of allegations naming particular Defendants is particularly problematic because Plaintiff's action is premised entirely on a claim that Defendants failed to provide adequate

medical care as required under the Eighth Amendment.³ Such a claim requires a showing that Defendants have been deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 102, 104-05 (1976). Deliberate indifference "entails something more than mere negligence," *Farmer v. Brennan,* 511 U.S. 825, 835 (1994), but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations are too vague to permit a reasonable inference that any Defendant was aware of, and deliberately indifferent to, a substantial risk of serious harm to Plaintiff's health. He vaguely asserts that he complained to "them" about shakes and impaired vision during "prior visits," though he does not describe any circumstance in which any of the named Defendants deliberately disregarded these symptoms. Moreover, he does not contend that any Defendant was aware of and disregarded his blood test in April, or his symptoms in May and June.

Indeed, it appears that Plaintiff received substantial medical attention for his medical issues soon after his symptoms were made known to prison medical staff. To the extent that such staff failed to follow-up on the results of his blood test, Black's comment suggests that this failure was the result of mistake or negligence rather than deliberate indifference. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid

---

³Plaintiff also claims that Defendants violated his right to (substantive) due process under the Fifth and Fourteenth Amendments; however, the "'explicit textual source of constitutional protection'" for a failure to provide adequate medical care is found in the Eighth Amendment. *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Thus, the Eighth Amendment, "'not the more generalized notion of substantive due process, must be the guide for analyzing'" Plaintiff's claim. *See id.*

claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105. Consequently, Plaintiff does not state an Eighth Amendment claim.

### C. Supervisory Liability

Finally, to the extent that Plaintiff sues HUM McKenna or any other Defendant solely because of their supervisory role over other individuals involved in the alleged conduct, he does not state a § 1983 claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     October 18, 2012            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE